IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| INTEGRATED HEALTH SERVICES, INC., *et al.* | : | |
| | : | Case No. 00-389(MFW) |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |
| | : | |
| IHS LIQUIDATING LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Appeal No. 04-CV-917(GMS) |
| v. | : | |
| | : | |
| DON G. ANGELL, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |

**BRIEF OF APPELLEES DON G. ANGELL, DON G. ANGELL
IRREVOCABLE TRUST, ANGELL CARE INCORPORATED AND
BERMUDA VILLAGE RETIREMENT CENTER LIMITED PARTNERSHIP
IN SUPPORT OF MOTION TO STRIKE PORTIONS OF
<u>APPELLANT'S REPLY BRIEF AND EXHIBIT "A"</u>**

PEPPER HAMILTON LLP
David B. Stratton (Del Bar ID 960)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

*Attorneys for Appellees*

## TABLE OF CONTENTS

**Page**

I.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ........................ 1

II.  SUMMARY OF ARGUMENT ............................................................................................ 1

III. ARGUMENT ........................................................................................................................ 1

    A.    The Angell Deposition is Not Part of the Record on Appeal. ..................................... 1

    B.    Portions of the Reply Brief Should Be Stricken Because It Improperly Refers to Matters Outside the Record. ................................................................................... 3

    C.    Alternatively, Appellees Should Be Granted Leave to File a Sur-Reply. .................. 3

IV.  CONCLUSION .................................................................................................................... 4

WL: #168069 v1 (3L_L01!.DOC)

## TABLE OF AUTHORITIES

## CASES

Page(s)

Allen v. Minnstar, Inc., 8 F.3d 1470 (10th Cir. 1993) .................................................................. 3

Arcari v. Marder, 225 B.R. 253 (D. Mass. 1998) .......................................................................... 3

Holmberg v. Baxter Healthcare Corp., 901 F.2d 1387 (7th Cir. 1990) ......................................... 3

In re Saco Local Development Corp., 13 B.R. 226 (D.Me. 1981) ................................................. 3

State Education Assistance Authority v. Dillon, 189 B.R. 382 (D. Va. 1995) .............................. 3

United States V. Canon, 534 F.2d 139 (9th Cir.), *cert. denied*, 425 U.S. 991 (1976) .................... 3

Appellees Don G. Angell ("Angell"), Don G. Angell Irrevocable Trust ("Trust"), Angell Care Incorporated ("Angell Care," and together with Angell and the Trust, the "Angell Plaintiffs") and Bermuda Village Retirement Center Limited Partnership ("Bermuda Village") (collectively, the "Angell Parties" or "Appellees") respectfully submit this Opening Brief in support of their Motion to Strike Portions of the Reply Brief of Appellant IHS Liquidating LLC ("Appellant" or "IHS") and Exhibit "A" to Appellant's Reply Brief.

## I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This is an appeal from an order of the United States Bankruptcy Court for the District of Delaware that granted Appellees' motion to dismiss IHS's counterclaims against Appellees (the "Bankruptcy Court Order"). IHS filed its opening brief on March 24, 2005, and Appellees filed their answering brief on April 11, 2005. On April 22, 2005, IHS filed the Reply Brief that is the subject of Appellees' Motion to Strike.

## II. SUMMARY OF ARGUMENT

The Reply Brief and Exhibit A should be stricken for the following reasons:

1. Exhibit "A" to IHS's Reply Brief is the transcript of a deposition of Don G. Angell taken on March 21, 2005 (the "Angell Deposition"), which postdated the Bankruptcy Court Order by more than nine months. The Angell Deposition was therefore not considered by the Bankruptcy Court, was not designated part of the record by any party, and is not part of the record on appeal.

## III. ARGUMENT

### A. The Angell Deposition is Not Part of the Record on Appeal.

On March 21, 2005, more than nine months after the entry of the Bankruptcy Court Order, IHS took the deposition on oral examination of Don G. Angell, one of the

-2-

Appellees.[1] Obviously, the Bankruptcy Court could not and did not consider the Angell Deposition when it ruled on Appellees' motion to dismiss IHS's counterclaims. Nor did IHS include the Angell Deposition in its designation of items to be included in the record on appeal. In short, the Angell Deposition is simply not part of the record on appeal.

Nonetheless, IHS has attached the entire transcript of the Angell Deposition as Exhibit "A" to its Reply Brief. It claims to be doing so in order to refute Appellees' "indefensible liberties in describing the factual underpinnings of the Angell Complaint." Reply Brief at 6. Yet each of the statements made by Appellees in their answering brief about the allegations of the Angell Complaint was supported by a reference to a document already in the record on appeal. *See* Appellees' Brief at 8-9. Indeed, each of Appellees' statements was supported by a reference to the Angell Complaint itself, which was among the documents designated by *Appellant* for inclusion in the record on appeal.

By attaching the Angell Deposition to its Reply Brief, IHS is actually attempting to refute the allegations of the Angell Complaint and is seeking to have this Court engage in fact-finding on the ultimate merits of the Angell Complaint. Not only is this procedurally improper, but it is precisely what the Bankruptcy Court declined to do when it authorized the Angell Plaintiffs to resume prosecution of the North Carolina Action and deferred to the North Carolina Court to decide whether any of the claims asserted in the Angell Complaint might actually be Estate Claims.

Because the Angell Deposition is not part of the record and was not considered by the Bankruptcy Court in reaching its decision, it cannot be considered by this Court on appeal. *See Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1474 (10th Cir. 1993) (appellate court could only

---

[1] The deposition was not taken in connection with the counterclaims that are the subject of this appeal.

consider those portions of deposition actually presented to trial court in its consideration of summary judgment motion; motion to supplement record with additional portions denied); *United States V. Canon*, 534 F.2d 139, 140 (9th Cir.), *cert. denied*, 425 U.S. 991 (1976) (granting motion to strike an affidavit that was not presented to the district court); *Arcari v. Marder*, 225 B.R. 253, 256 (D. Mass. 1998) (documents not part of the record before the bankruptcy court cannot be considered on appeal); *State Educ. Assistance Auth. v. Dillon*, 189 B.R. 382, 384 (D. Va. 1995) (district court may only consider evidence presented to the bankruptcy court and made a part of the record); *In re Saco Local Development Corp.*, 13 B.R. 226, 229 (D.Me. 1981) (depositions filed with bankruptcy court more than a month after entry of order appealed from could not be part of record on appeal of that order).

For these reasons, Exhibit "A" to the Reply Brief should be stricken.

**B.   The Reply Brief Should Be Stricken Because It Improperly Refers to Matters Outside the Record.**

Because the Angell Deposition is not part of the record on appeal, all portions of the Reply Brief that refer to, argue from or rely on it should likewise be stricken. *See Holmberg v. Baxter Healthcare Corp.*, 901 F.2d 1387, 1392 n. 4 (7th Cir. 1990) (striking portions of brief that referred to facts outside the record). Pages 5 through 9 and a portion of page 2 of the Reply Brief refer to or argue from the Angell Deposition and thus should be stricken.

**C.   Alternatively, Appellees Should Be Granted Leave to File a Sur-Reply.**

In the event that the Court declines to strike Appellant's Exhibit A and portions of the Reply Brief, Appellees respectfully request leave to file a sur-reply in order to address the improper arguments Appellant has made in its Reply Brief.

## IV.  CONCLUSION

For all the foregoing reasons, Appellees respectfully request that their Motion to Strike be granted, and that portions of Appellant's Reply Brief and Exhibit "A" be stricken as described above, or, in the alternative, that they be granted leave to submit a brief sur-reply.

Dated: May 6, 2005

                                        PEPPER HAMILTON LLP

                                        _____
                                        David B. Stratton (Del. Bar ID 960)
                                        Hercules Plaza, Suite 5100
                                        1313 Market Street
                                        P.O. Box 1709
                                        Wilmington, DE  19899-1709
                                        (302) 777-6500

                                        and

                                        Bonnie MacDougal Kistler
                                        3000 Two Logan Square
                                        Eighteenth and Arch Streets
                                        Philadelphia, PA 19103-2799
                                        (215) 981-4000

                                        *Attorneys for Appellees*

-4-