IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| INTEGRATED HEALTH SERVICES, INC., ET AL., | ) ) | Chapter 11 |
| | ) | |
| Debtors. | ) ) | Case No. 00-389 (MFW) |
| | ) | (Jointly Administered) |
| | ) ) ) | |
| | ) | |
| IHS LIQUIDATING LLC, | ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | Appeal No. 04-917 (GMS) |
| DON G. ANGELL, *et al.*, | ) ) | |
| Appellee. | ) ) ) ) ) | |

**BRIEF OF APPELLANT IHS LIQUIDATING LLC IN OPPOSITION TO MOTION OF APPELLEES DON G. ANGELL, DON G. ANGELL IRREVOCABLE TRUST, ANGELL CARE INCORPORATED AND BERMUDA VILLAGE RETIREMENT CENTER LIMITED PARTNERSHIP TO STRIKE PORTIONS OF APPELLANT'S REPLY BRIEF AND EXHIBIT A THERETO**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Joseph M. Barry (No. 4221)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

KAYE SCHOLER LLP
Arthur Steinberg
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Appellant IHS Liquidating LLC*
**TABLE OF CONTENTS**

Page

I. COUNTER-STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING .................................................................. 1

II. SUMMARY OF APPELLANT'S ARGUMENT ............................... 2

III. ARGUMENT ........................................................................ 3

    A. Appellees Have Brought the Subject Matter Within the Scope of the Appeal ......................................................................... 3

    B. The Reviewing Court Has the Discretion to Supplement the Record With Matters Previously Outside the Record ............................ 3

IV. CONCLUSION ...................................................................... 5

Doc. #31085819

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Dakota Industries. v. Dakota Sportswear Inc.*, 998 F.2d 61, 63-64 (8th Cir. 1993)    4

**TREATISES**

9 Moore's Federal Practice § 310.10 [5] [e] .............................    4

Doc. #31085819

Appellant, Liquidating LLC,[1] respectfully submits this *Brief of Appellant IHS Liquidating LLC in Opposition to Motion of Appellees Don G. Angell, Don G. Angell Irrevocable Trust, Angell Care Incorporated and Bermuda Village Retirement Center Limited Partnership to Strike Portions of Appellant's Reply Brief and Exhibit A Thereto* in opposition to the *Motion of Appellees Don G. Angell, Don G. Angell Irrevocable Trust, Angell Care Incorporated and Bermuda Village Retirement Center Limited Partnership to Strike Portions of Appellant's Reply Brief and Exhibit A Thereto*, dated May 6, 2005 ("Appellees' Motion").

## I. COUNTER-STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

On June 25, 2005, Appellant perfected an appeal from the Order entered by the Bankruptcy Court granting Appellees' Motion to Dismiss Appellant's Claim Objections (seeking disallowance or subordination of the Appellees' claims) and Appellant's related Counterclaims (seeking damages caused by Appellees' continued prosecution of released, estate causes of action in contravention of the Premiere Settlement). Specifically, Appellant challenges the Bankruptcy Court's (i) narrow focus on certain limited portions of the Plan, which led it to improperly conclude that the Plan had caused a waiver of the Appellant's right to argue that Appellees' prosecution of estate causes of action was a breach of the settlement in the Plan and a violation of the Confirmation Order, and (ii) application of the *res judicata* doctrine to the Debtors' simultaneous voluntary dismissal of the Injunction Complaint with prejudice, which led it to improperly conclude that Appellant was precluded from seeking damages and sanctions for Appellee's wrongful post-Effective Date conduct.

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning as set forth in the *Brief of Appellant IHS Liquidating LLC*, dated March 24, 2005 ("Appellant's Opening Brief").

Doc. #31085819                              1

Appellant's Opening Brief was filed on March 24, 2005. Appellees' Brief in response was filed on April 11, 2005. Appellant filed a Reply Brief on April 22, 2005.

Appellees' Motion was filed on May 6, 2005, and together with *Brief of Appellees Don G. Angell, Don G. Angell Irrevocable Trust, Angell Care Incorporated and Bermuda Village Retirement Center Limited Partnership in Support of Motion to Strike Portions of Appellant's Reply Brief and Exhibit "A,"* of even date, ("Appellees' Motion Brief") seeks to strike certain statements in Appellant's Reply Brief and supporting Exhibit "A." Both the subject statements and exhibit in Appellant's Reply Brief highlight excerpts from a post-hearing March 21, 2005 deposition transcript of Angell ("Angell Deposition") taken by Appellant in connection with claims asserted by the Debtors' Former Officers that refute Appellees' description in Appellees' Brief of the purported factual underpinnings of the Angell Lawsuit against the Former Officers (the continued extrajudicial post-Effective Date prosecution of which underlies Appellant's Claim Objections and which is central to this appeal).

## II. SUMMARY OF APPELLANT'S ARGUMENT

Appellee's Motion should be denied in its entirety because:

1. Delaware Lawyers' Rules of Professional Conduct requires candor toward the tribunal, and

2. Under well-established federal appellate doctrine, the Court has discretion under its equitable authority to supplement the record with information surfacing *after* the trial proceeding.

## III. ARGUMENT

### A. Appellees Have Brought the Subject Matter Within the Scope of the Appeal

Understandably, Angell and the other related Appellees would prefer to keep from the Court's view a post-hearing transcript that impeaches statements made by Appellees to this Court and calls into question the veracity of their entire defense in this appeal and the merits of their arguments to the lower court. While the Bankruptcy Court did not have the benefit of this persuasive evidence, Appellees should not be permitted to play "fast and loose" with the critical facts in this Court. Generalized arguments such as "the Angell Deposition is simply not part of the record on appeal"[2] must yield to overarching legal concepts, including "candor to the tribunal" and allowing the true facts to be considered by the Court.

### B. The Reviewing Court Has the Discretion to Supplement the Record With Matters Previously Outside the Record

While the Angell Deposition was not part of the record considered by the Bankruptcy Court, Appellees should not be able evade the consequence of Angell's sworn post-hearing admissions and statements -- which contradict critical statements made to the lower court and this Court.

Appellant could not permit the Court to be misled by Appellees' inaccurate portrayal of the "Factual and Procedural Background" of the appeal set forth in Appellees' Brief especially when it is contradicted by Angell's sworn testimony.

Notwithstanding the general rule that limits an appellate court to reviewing submissions that were designated as part of the record on appeal, under well-established federal appellate

---

[2] Appellees' Motion Brief at p. 2. Tellingly, Appellees do not attempt to refute Angell's later inconsistencies.

doctrine, the Court has discretion under its equitable authority to supplement the record with information surfacing *after* the trial proceeding. 9 Moore's Federal Practice § 310.10 [5] [e]. Where a reviewing court believes that the interests of justice necessitate an expanded record, including where a decision below was based on a misrepresentation of facts, the court can supplement the record. *See Dakota Industries v. Dakota Sportswear Inc.*, 998 F.2d 61, 63-64 (8th Cir. 1993).

Appellees acknowledge the principle of expanding the record on appeal as they do not take issue with references to the North Carolina Court's September 17, 2004, *Memorandum Opinion and Order*, which postdated the Bankruptcy Court's decision and dismissed with prejudice the estate causes of action pursued in the Angell Lawsuit before that court.[3] It is clear that the Angell testimony at issue touched a nerve with Appellees, and they seek to bury what is clearly relevant to this appeal.

**[Balance of Page Intentionally Left Blank With Conclusion Following]**

---

[3]   Appellees' Brief at p. 14, note 3.

## IV. CONCLUSION

For all of the reasons set forth above, Appellant respectfully submits that the Court (a) deny the Appellees' Motion in its entirety and (b) grant Appellant such other and further relief as the Court deems just and proper.

Dated: May 23, 2005
       Wilmington, Delaware

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_/s/ Robert S. Brady_

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Joseph M. Barry (No. 4221)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

-and-

**KAYE SCHOLER LLP**
Arthur Steinberg
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

ATTORNEYS FOR APPELLANT IHS LIQUIDATING LLC

## CERTIFICATE OF SERVICE

I hereby certify that on **May 20, 2005,** I electronically filed a true and correct copy of **Brief of Appellant IHS Liquidating LLC In Opposition to Motion of Appellees Don G. Angell, Don G. Angell Irrevocable Trust, Angell Care Incorporated and Bermuda Village Retirement Center Limited Partnership to Strike Portions of Appellant's Rely Brief and Exhibit A. Thereto** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

David B. Stratton
Pepper Hamilton LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
(Counsel for Don G. Angell, et al.)

I further certify that on **May 20, 2005,** I caused a copy of **Brief of Appellant IHS Liquidating LLC In Opposition to Motion of Appellees Don G. Angell, Don G. Angell Irrevocable Trust, Angell Care Incorporated and Bermuda Village Retirement Center Limited Partnership to Strike Portions of Appellant's Rely Brief and Exhibit A. Thereto** to be served as indicated, on the following counsel of record:

| | |
|---|---|
| **David B. Stratton**<br>Pepper Hamilton LLP<br>1313 Market Street, Suite 5100<br>P.O. Box 1709<br>Wilmington, DE 19899-1709<br>(Counsel for Don G. Angell, et al.)<br>*Hand Delivery* | **Bonnie MacDougal Kister, Esq.**<br>**Linda J. Casey, Esq.**<br>Pepper Hamilton LLP<br>3000 Two Logan Square<br>18th & Arch Streets<br>Philadelphia, PA 19103<br>(Counsel for Don G. Angell, et al.)<br>*First Class Mail* |

Kenneth Enos (No. 4544)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
kenos@ycst.com
bankruptcy@ycst.com

*Attorneys for Appellant*