# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | : |  |
|  | : | Chapter 11 |
| INTEGRATED HEALTH SERVICES, INC., *et al.* | : |  |
|  | : | Case No. 00-389(MFW) |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : |  |
| IHS LIQUIDATING LLC, | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : | Appeal No. 04-CV-917(GMS) |
| v. | : |  |
|  | : |  |
| DON G. ANGELL, *et al.*, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

## REPLY BRIEF OF APPELLEES DON G. ANGELL, DON G. ANGELL IRREVOCABLE TRUST, ANGELL CARE INCORPORATED AND BERMUDA VILLAGE RETIREMENT CENTER LIMITED PARTNERSHIP IN SUPPORT OF MOTION TO STRIKE PORTIONS OF APPELLANT'S REPLY BRIEF AND EXHIBIT "A"

PEPPER HAMILTON LLP
David B. Stratton (Del Bar ID 960)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

*Attorneys for Appellees*

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

**I.**  INTRODUCTION .................................................................................................... 1

**II.**  ARGUMENT ......................................................................................................... 2

**III.**  CONCLUSION ...................................................................................................... 4

PHLEGAL: #1745162 v2 (11#KQ02!.DOC)

## TABLE OF AUTHORITIES

### CASES

Page(s)

<u>Allen v. Minnstar, Inc.</u>, 8 F.3d 1470 (10th Cir. 1993) ................................................................... 1

### RULES

Delaware Local Rule 7.1.3(c)(2) ................................................................................................ 1

PHLEGAL: #1745162 v2 (11#KQ02!.DOC)

I.    **INTRODUCTION**

Appellees[1] respectfully submit this Reply Brief in further support of their Motion to Strike the Reply Brief of Appellant IHS Liquidating LLC ("Appellant" or "IHS") and Exhibit "A" to the Reply Brief.

IHS brought this appeal from an order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  On April 22, 2005, IHS filed a Reply Brief (Docket #15) in which it injected new arguments going to the underlying merits of Appellees' lawsuit pending in the United States District Court for the Middle District of North Carolina (the "North Carolina Action").  These arguments were raised in IHS's reply brief in an effort to involve this Court in matters that have nothing whatsoever to do with any of the issues on appeal, with the apparent hope that this Court will reach out and decide issues that are not before it.  As presumed support for these new arguments, IHS attached a transcript of a recent deposition of one of the Appellees taken long after the entry of the order appealed from.  That transcript was not designated as part of the record on appeal[2] and was not (and obviously could not have been) considered by the Bankruptcy Court in reaching its decision.  Neither was this deposition mentioned nor these arguments advanced in IHS's opening brief filed March 24, 2005 (Docket #10).  As a result, Appellees had no opportunity to address these contentions in their answering brief filed April 11, 2005 (Docket #13).

---

[1] Appellees are Don G. Angell ("Angell"), Don G. Angell Irrevocable Trust ("Trust"), Angell Care Incorporated ("Angell Care," and together with Angell and the Trust, the "Angell Plaintiffs") and Bermuda Village Retirement Center Limited Partnership ("Bermuda Village") (collectively, the "Angell Parties" or "Appellees").

[2] IHS could have moved to supplement the record on appeal to include the deposition transcript.  *See e.g.,* *Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1474 (10th Cir. 1993).  It did not do so.

## II.   ARGUMENT

IHS's efforts to justify the inclusion of matters not in the record on appeal are as meritless as its appeal. IHS's Reply Brief violates Delaware Local Rule 7.1.3(c)(2) by injecting new arguments at a procedural stage that deprived the Appellee' of any right to respond. It violates the rules of appellate procedure by attaching a deposition transcript that is not part of the record on appeal. Finally, it violates the rules of fair play by drawing false (and wholly irrelevant) inferences from a single deposition in order to cast aspersions on the ultimate merits of a lawsuit where discovery has barely begun. For all these reasons, the Reply Brief and Exhibit A should be stricken.

IHS attempts to justify its violation of these rules by invoking the professional requirement of candor toward the tribunal and the discretion to supplement the record in the interests of justice. To begin with, IHS's suggestion that Appellees have been less than candid with this Court is outrageous and unsubstantiated. Appellees' description of the claims in the North Carolina Action is taken directly from the record in this appeal and is provided for only background purposes. What Mr. Angell may or may not have said in his deposition is not relevant to any issue in this appeal, and IHS's suggestion that counsel for Appellees is playing "fast and loose" with this Court is unprofessional and irresponsible.

Moreover, neither candor nor justice is served by IHS's efforts to "sandbag" Appellees by misrepresenting the deposition testimony at a procedural stage that does not permit Appellees to respond. The summary of facts that IHS apparently objects to (and claims the need to impeach) was taken entirely from the material already in the record on appeal. If IHS believed that these portions of the record were "contradicted" by Mr. Angell's recent deposition testimony—and if it also believed that any of these matters were relevant to the issues on

appeal—then it should have (1) moved to supplement the record; **and** (2) raised these arguments in its opening brief.

If IHS had done so, Appellees would have had a full and fair opportunity to demonstrate that far from "contradicting" Appellees' summary of the facts, the deposition actually provides clear evidentiary support of specific occasions on which the defendants in the North Carolina Action misrepresented material facts to the Appellees. IHS's injection of the deposition into this appeal at this late stage did indeed "touch a nerve" with Appellees, but only because IHS distorted and misstated the testimony at a time designed to avoid any refutation and in an effort to obfuscate the issues that are actually before this Court.

In all events, this Court need not and should not engage in fact-finding on the ultimate merits of the North Carolina Action, because the order appealed from did not rely upon any facts involving the underlying merits of the North Carolina Action. To the contrary, the Bankruptcy Court expressly declined to decide the ultimate merits of the dispute when it authorized Appellees to resume the North Carolina Action and left it to the North Carolina Court to determine the facts. Because Mr. Angell's deposition was not considered by the Bankruptcy Court in reaching its decision, it should not be considered by this Court in ruling on IHS's appeal.

For these reasons, the Reply Brief and Exhibit "A" should be struck, or in the alternative, Appellees should be afforded an opportunity to file a sur-reply in order to refute IHS's mischaracterizations of Mr. Angell's deposition testimony.

## III.    CONCLUSION

For all the foregoing reasons, Appellees respectfully request that their Motion to Strike be granted, and that Appellant's Reply Brief and Exhibit "A" be stricken, or, in the alternative, that Appellees be granted leave to submit a brief sur-reply.

Dated: May 31, 2005

PEPPER HAMILTON LLP

David B. Stratton (Del. Bar ID 960)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

and

Bonnie MacDougal Kistler
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

*Attorneys for Appellees*